ALPHONZO WHITE, Appellant, *v.* J. M. HAFFAKER, Appellee.

APPEAL FROM MORGAN.

Although a note may bear ten per cent. interest, when a decree is entered upon it, the note is merged ; and the decree can bear only six per cent. interest.

A solicitor in a case, cannot act as a special master to execute the decree.

COMPLAINANT filed his bill in the Circuit Court of Morgan county, stating that, 3rd June, 1854, he executed a deed to defendant, conveying certain lands, reserving vendor's lien to secure certain notes for purchase money, to bear ten per cent. interest, if not paid at maturity—one for $3,900, to mature 1st September, 1854, and the other for $3,900, to mature 1st January, 1856—specifying that his wife was lunatic, and not capable of releasing her dower, and that $2,600 of this last

note was not to be paid, but was to be left outstanding, to secure the defendant against the dower right as long as the wife might live; and complainant offered in his bill to give such security and indemnity as the court might deem just and proper.

' Defendant answered, admitting the foregoing allegations of the bill; says he is not liable, according to law, for interest at a greater rate than six per cent. per annum, because said notes were not given for money loaned, and says that Mrs. Huffaker is alive, within the jurisdiction of the court, and that she ought to be made party in the case before further or other proceedings are had.

The decree ascertains balance due, allowing interest at the rate of ten per cent. per annum, and also a like rate of interest on the decree to day of sale, to be appointed by special master. States that Mrs. Haffaker, wife of complainant, is insane, and a resident of Morgan county. Requires defendant to pay interest on the $2,600, at rate of ten per cent. per annum, to John Shuff, as agent for the complainant, or to the special master, annually. Appoints I. J. Ketcham, complainant's solicitor, special master and commissioner, to execute the decree.

From which decree the defendant appealed to this court.

D. A. and T. W. Smith, for Appellant.

I. J. Ketcham, for Appellee.

Walker, J. The record in this case presents the question, whether a decree may draw a greater rate than six per cent. interest. If it may, it is not by virtue of the statute, as it has made no such provision, nor may the court fix any greater rate of interest in its decree. Interest is the creature of either contract or positive legal enactment. It does not exist at the common law, and in the absence of contract or enactment it cannot be recovered. In this case the rate, by the contract of the parties, in accordance with the statute, drew ten per cent. interest. But had a higher rate not been expressed, then by the law it could only have drawn six per cent.

When a judgment or decree is rendered, the cause of action ceases to exist, as a vital binding right upon the parties. It becomes merged in the determination of the court, and to it alone can the parties look, to ascertain their rights and liabilities. Nor do the terms and conditions of the agreement enter into or form any part of the decree. It was the basis of, and upon which, the decree was rendered, and controlled the court

in fixing the terms and conditions of the decree, but affords no means of interpreting it. Nor can the court make new contracts or impose conditions, for the parties. On the hearing it is proper that the court should ascertain the sum due upon the note, and decree its payment, leaving the law to regulate the interest, or at most decree no more than six per cent. Otherwise the court would have the right to deprive the complainant of all interest on the decree, which is given to him by the law. The statute only having allowed judgments and decrees to draw six per cent., it was error in the court below to decree, that the sum found should draw ten per cent.

It is likewise urged, that it was error to appoint complainant's solicitor a special master to execute the decree. In all legal proceedings, and at every stage of a cause, courts scrupulously guard against entrusting the execution of its mandates, to persons having any interest in the cause. The law, for wise purposes, acts alone through disinterested agents. It will not tempt those having an interest in any way to abuse its process, for the purpose of promoting selfish ends. The relation of attorney and client is so intimate, and the duty of the attorney to protect the interest of the client is so rigid, that it can hardly be supposed that he would be willing, even if he were a disinterested person, to be entrusted with the enforcement of the legal rights of his client. His position would be embarrassing, and he would feel at every step that his preconceived notions of his client's rights, his anxiety to advance his interest, must, in case of dispute as to the mode of executing the decree, incline him to decide in his client's favor. Such a position, it seems to us, would never be sought, and it should not be imposed by the court. ·

Again, the 51st section of the chancery act authorizes the court to appoint a special master, whenever it shall happen that there is no master in chancery, or when such master shal be of counsel, of kin to either party, interested, or otherwise disqualified or unable to act. Thus it will be observed, that the master being of counsel, is declared by this enactment to be a disqualification, to discharge the duties imposed upon the master. The master is the agent of the court, and must exercise his judgment in enforcing the decree, and as such must be left free from partiality or bias. This provision is wise, and well calculated to advance justice, and as the decree violates its provisions, it must be reversed. But a decree will be entered in this court, for the sum found to be due, to draw six per cent. interest, and with all of its other provisions, except that it shall be executed by the master in chancery of

the court below, who shall report his proceedings to that court for approval, for which purpose the cause is remanded.

*Decree entered in this Court.*