# WILLIAM WAYMAN and wife
## *v.*
## ISABELLA COCHRANE.

1. MERGER *of bond secured by mortgage in a judgment at law — measure of damages on subsequent foreclosure.* Where a bond for the payment of money provides for the payment of interest at the rate of ten per cent. per annum, and a judgment at law is obtained thereon, upon a subsequent foreclosure of a mortgage given to secure the bond, the measure of recovery will be the amount of the judgment at law, with interest thereon at six per cent. per annum from its date to the time of rendering the decree of foreclosure, and not the principal sum mentioned in the bond, with ten per cent. interest to the time of foreclosure.

2. MERGER OF CONTRACTS *in judgments and decrees generally.* The general rule is, that by a judgment at law or a decree in chancery, the contract or instrument upon which the proceeding is based, becomes entirely merged in the judgment. By the judgment of the court it loses all its vitality, and ceases to bind the parties to its execution. Its force and effect are then expended, and all remaining legal liability is transferred to the judgment or decree. Once becoming merged in the judgment, no further action at law or suit in equity can be maintained on the instrument. All right and liability originally imposed by or growing out of the instrument or agreement, terminate with the judgment of the court.

3. INTEREST *upon judgments and decrees.* Where a debt has become merged in a judgment or decree, interest can be computed upon it only at the rate of six per cent. per annum.

4. MORTGAGE AND THE DEBT — *their relations to each other.* A mortgage is only an incident of the debt thereby secured.

The assignment of the debt, in equity, carries with it the benefit of the security.

The payment or discharge of the debt satisfies the mortgage.

When the debt has changed to a judgment, the mortgage then is changed in effect to a security for the payment of the judgment.

The satisfaction of the judgment by the payment of the sum recovered, with interest at six per cent. per annum, would discharge the mortgage.

The assignment of the judgment would be an equitable transfer of both the judgment and the mortgage.

5. MEASURE OF DAMAGES. Where a mortgage contains a covenant to pay the debt thereby secured, and that debt has been merged in a judgment at law, a suit on the covenant could only be maintained to recover damages equal to the judgment and interest at six per cent. per annum, although the debt, prior to the judgment, was drawing ten per cent. interest.

WRIT OF ERROR to the Superior Court of Chicago.

On the 28th day of March, 1861, William Wayman executed his bond to Isabella Cochrane, in the penalty of $12,000, conditioned to pay to the obligee the sum of $6,000, in five years from its date, with interest at ten per cent. per annum, payable half yearly. The bond further provided that in default of paying the interest for twenty days after it should become due by the terms of the bond, the whole principal sum, and arrears of interest should at once become due at the option of the obligee, and immediately demandable.

Concurrently with the execution of the bond, Wayman and his wife, executed and delivered to the obligee a mortgage upon certain real estate. The mortgage was given to secure the performance of the conditions in the bond; and after reciting that instrument, contained this covenant: " and the said William Wayman, for himself, his heirs, executors and administrators, doth covenant, grant and agree to and with the said party of the second part, her executors, administrators and assigns, that he will well and truly pay unto the said party of the second part, her executors, administrators or assigns, the said principal sum of money mentioned in the condition of said bond, and the interest thereon according to the said condition."

On the 10th of November, 1861, the condition of the bond with respect to the payment of interest having become broken, the obligee recovered a judgment at law upon the bond in the Superior Court of Chicago, for the whole principal sum and the arrears of interest.

On the 17th of May, 1862, the obligee in the bond, and mortgagee, exhibited her bill in chancery in the same court, to foreclose the mortgage. In that suit such proceedings were had that a decree was rendered foreclosing the mortgage, and finding the amount due to be the principal sum mentioned in

the condition of the bond, with interest at ten per cent. per annum up to the time of rendering the decree.

The correctness of that decree is now brought in review upon this writ of error. The defendant, Wayman, contends, that after the bond became merged in the judgment at law, upon a foreclosure of the mortgage, the measure of recovery should be the amount of that judgment, with six per cent. interest thereon from the date of the judgment to the time of rendering the decree; and not the principal sum mentioned in the condition of the bond, with ten per cent. interest.

A question is made in regard to the sufficiency of the service of process in the suit to foreclose upon Mrs. Wayman, but it is not determined in this case.

Mr. ARTHUR W. WINDETT, for the plaintiffs in error.

Messrs. FARWELL & SMITH, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The only question which we propose to consider in this case is, whether the court below erred in computing interest at the rate of ten per cent. The bond bore ten per cent., and the mortgage given to secure its payment recites the bond and contains a covenant for the payment of the debt and interest named in the bond according to the condition thereto annexed. Afterwards the defendant in error instituted suit, and recovered a judgment at law on the bond for the principal and interest. This bill was subsequently filed to foreclose the mortgage and subject the premises to sale for the payment of the mortgage debt and interest. On the hearing in the court below, the court rendered a decree for the debt, and unpaid interest, at the rate of ten per cent. per annum, from the date of the bond until the rendition of the decree. It is now urged that this was erroneous, as the court below should have allowed interest on the judgment recovered at law, at the rate of six per cent. per annum, from its date until the time of rendering the decree.

The general rule is, that by a judgment at law or a decree in

chancery, the contract or instrument upon which the proceeding is based becomes entirely merged in the judgment. By the judgment of the court, it loses all of its vitality and ceases to bind the parties to its execution. Its force and effect are then expended, and all remaining legal liability is transferred to the judgment or decree. Once becoming merged in the judgment, no further action at law or suit in equity can be maintained on the instrument. All rights and liabilities originally imposed by, or growing out of, the instrument or agreement terminate with the judgment of the court. This being so, when the judgment was rendered on the bond in this case, it ceased to be evidence of the debt, and the judgment then became the evidence and only evidence that could be used in a court of the existence of the original debt. And that debt could only bear six per cent. interest, whether evidenced by a judgment or a decree. *White* v. *Hoffaker*, 27 Ill. 349. Then if the judgment was the evidence, the decree should have been for the amount of the judgment with six per cent. interest thereon from the date of its rendition to the time the decree was rendered.

The mortgage is only an incident of the debt. *Olds* v. *Cummings*, 31 Ill. 188; *Vansant* v. *Allmon*, 23 id. 30; *Sargent* v. *Howe*, 21 id. 149. And the assignment of the debt, in equity, carries with it the benefit of the security. No principle is better settled than that the payment or discharge of the debt satisfies the mortgage. It can only exist and draw aliment from the debt to which it is incident. When the debt has changed to a judgment, the mortgage then is changed, in effect, to a security for the payment of the judgment. The satisfaction of the judgment by the payment of the sum recovered, with six per cent. interest per annum, would discharge the mortgage. The assignment of the judgment would be an equitable transfer of both the judgment and the mortgage.

The mortgage being an incident of the bond, when it became merged in the judgment, the mortgage was then a security for its payment and no more. A suit on the covenant could only be maintained to recover damages equal to the judgment and interest. A party cannot recover on the same contract dif-

ferent measures of damages. When the debt was reduced to a judgment it reduced the interest to six per cent., and the security can be no larger or capacious than its principal, and could only be held for the judgment and its interest.

The questions in reference to service on Jane Wayman have been discussed and determined, in the case of *Wayman* v. *Crosier, post.* We, therefore, deem it unnecessary to again discuss them here.

The decree of the court below must be reversed and the cause remanded for further proceedings not inconsistent with the principles announced in this opinion.

*Reversed and remanded.*