## Edward Harpstrite
### v.
## H. G. Vasel.

1.  Construction of written agreement.—A written agreement in relation to the sale of certain property excepted a mortgage of $600, the payment of which was assumed by the party promising.  *Held*, that the exception as to the mortgage was not of the amount, but merely descriptive of the mortgage, and that an accumulation of $300 interest on said mortgage was included in the term mortgage.

2.  Set-off.—V. & Co. executed a written agreement to S. for the payment of money, which was assigned to H.  After executing this agreement, V. & Co. sued S. and her husband on an account due from S. and obtained judgment.  In an action by the assignee of the agreement against V. & Co. *Held*, that the judgment against S. and her husband could not be set off.

Appeal from the Circuit Court of Madison county; the Hon. Amos Watts, Judge, presiding.

Mr. J. H. Yager, for appellants; that by pleading to a declaration after overruling a demurrer, a party waives his demurrer, cited Walker v. Welch, 14 Ill. 277; McFadden v. Fortier, 20 Ill. 509.

A purchaser of land, receiving a warranty deed and entering into possession, cannot retain possession and lawfully refuse payment for the land: Laforge v. Mathews, 68 Ill. 328.

A note payable on demand is not overdue until payment has been demanded and refused: Stewart v. Smith, 28 Ill. 397.

Mr. C. P. Wise, for appellee; that the verdict not being manifestly against the weight of evidence, will not be set aside, cited Aurora F. Ins. Co. v. Eddy, 55 Ill. 213; City of Peru v. French, 55 Ill. 317; Lawrence v. Hagerman, 56 Ill. 68; Kuhnen v. Blitz, 56 Ill. 171; Ill. Cent. R. R. Co. v. Dunning, 59 Ill. 192; Walker v. Martin, 59 Ill. 348; Young v. Shorling, 60 Ill. 148; Keller v. Rossbach, 61 Ill. 342; T. P. & W. R. R. Co. v. Hobble, 61 Ill. 388; Bishop v. Busse, 69 Ill. 403.

The instrument is not negotiable, and suit cannot be maintained in the name of the assignee: Smalley v. Edey, 15 Ill.

324; Gillilan v. Myers, 31 Ill. 525; Kingsbury v. Wall, 68 Ill. 311.

The deed given to appellee by Mrs. Schwendeman was void: Cole v. Van Riper, 44 Ill. 58; Bressler v. Kent, 61 Ill. 426.

Under the rule of court, the motion for new trial was made too late, and such rule must be observed: Prindeville v. The People, 42 Ill. 217.

ALLEN, J.   This was a suit brought by appellant against appellee to the October term, 1877, upon the following instrument:

"ALTON, ILL., May 14, 1877.

"We, the undersigned, promise hereby to deliver to Mrs. Mary Schwendeman, or order, on demand, merchandise to the amount of three hundred and eighty-nine (389.20), provided she gives us full possession of property described in deed filed in Hillsboro, and bill of sale in our hand, and further guaranteed the title and possession of the same clear, except the mortgage of ($600) six hundred dollars in favor of Mess. Harpstrite & Shlaudeman, Decatur, otherwise this agreement shall have no power and shall be void.

"$389.20.                    H. G. VASEL & Co."

Which had been assigned by Mary Schwendeman to appellants before the commencement of the suit.

The declaration contained one special count on the instrument and the common counts.

Appellee filed pleas "general issue;" 2d. Set-off that Mary Schwendeman was indebted to plaintiff on open account in the sum of $238.75; 3d. Plea of payment; 4th. Total failure of consideration, except as to $1.

Issue on pleas and trial by jury and verdict for appellee.

Motion for new trial overruled, and judgment for appellee for costs.

Several errors are assigned by appellants, but we deem it important to notice but two.   The first, that the court erred in admitting improper evidence to go to the jury; second, that the verdict of the jury was contrary to the law and evidence.

The record shows that the instrument sued on was executed

by appellee and his deceased partner to Mary Schwendeman, in part consideration of the sale of a house and lot in Hillsboro, sold by her to appellee; that the title was in her; that she executed warranty deed to appellee, and that appellee took possession under deed, and that he has peaceably enjoyed possession ever since.

Appellee set up as a ground of partial failure of consideration that he had bought the property mentioned in deed and referred to, and some chattels amounting to $100 in value, of Mary Schwendeman; that the entire consideration was $1,300; that this instrument sued on was for a balance due on the purchase after deducting an account which she was owing him of $203.75; another note which he gave at the same time for $100, taxes paid ($7.05), and $600 to be paid on mortgage on property described in deed, amounting in all to the sum of $1,300, and insists that the consideration has failed in this: that he was to have the house and lot free from all incumbrances by the terms of the contract, except $600, the amount of mortgage on the same; and that he, by the terms of the contract, was not liable to pay any interest that had accrued or might thereafter accrue on the mortgage; that $300 interest had accrued on mortgage and was an incumbrance on the land, and that herein the consideration had failed, except as to the $1, and that the chattels were purchased at same time the house and lot was purchased.

On the other hand, it is insisted that the purchase price of the house and lot was $1,300, and that the personal property bought at same time was $100, altogether $1,400, and that appellee was to lift the mortgage of $600 on the house and lot. A bill of sale of the personal property was taken by appellee from Mary Schwendeman and her husband for the personal chattels, dated May 7, 1877, for the consideration of $100. The consideration expressed in the deed, made on a different date, is $1,300.

Anton Schwendeman, husband of Mary, testified that he made the contract, and that the true consideration in the deed was $1,300; that the personal goods were $100, making total, $1,400; that at the time deed was made there was about $100

interest due on mortgage, and that when trade was made appellee assumed to pay the mortgage and interest, and that the $600 and $100 interest was deducted from the price of land and personal property.

Anton Schwendeman is corroborated in his statement, both by the deed and bill of sale, so far as the consideration expressed in them is concerned, and we think appellee has not sustained his plea of partial failure of consideration, either as to interest accrued on the mortgage or as to the real consideration for the sale of house and lot and personal property.

As to appellee's set-off for goods furnished Mary Schwendeman after the instrument sued on was made by appellee, it is sufficient to say that appellee, in his testimony, admits that for those items of goods furnished Mrs. Schwendeman he had sued her and her husband jointly, and had obtained a judgment against them, so that his debt was, before the commencement of this suit, merged in judgment. If so, then no action could be maintained on this account, nor could her account be set-off in a suit against him. Warren v. McNulty, 2 Gilm. 35; Wayman v. Cockran, 35 Ill. 152; Runamaker v. Corday, 54 Ill. 103.

This suit was wrongly brought, but we have in furtherance of justice regarded it in the light in which it was tried by both parties in the circuit court.

The written contract says, "except the mortgage ($600) six hundred dollars in favor of Mess. Harpstrite & Schlaudeman, Decatur," thus specifically pointing out and identifying the incumbrance that was excepted. The contract did not specify the interest of that mortgage or the principal of that mortgage, as being excepted, but it designated the mortgage, and the mortgage included the whole mortgage, both principal and interest.

The court instructed the jury for appellee, that if they believed from the evidence that appellee gave the agreement sued on, agreeing by said agreement to pay said $389.20 in merchandise if the incumbrance upon the land did not amount to more than $600; then, if the jury also believed from the evidence that instead of being only $600 due on the mortgage on said land, there was due in addition, as interest, the sum of

$102.60, then that appellee was entitled to a credit of $102.60, the court thus informing the jury that this written agreement was in effect a guarantee that the incumbrance upon the land did not amount to more than $600. We do not so interpret it, and in our opinion the court erred in giving the instruction indicated.

We regard the verdict of the jury as manifestly wrong; that the court erred in giving the instruction indicated, and in not granting a new trial, and in rendering judgment for appellee.

This cause is reversed and remanded.

Reversed and remanded