JAMES H. WOODBURN

*v.*

PHEBE A. WOODBURN *et al.*

*Filed at Ottawa January 25, 1886.*

1. PAYMENT—*by check.* Where a debtor gives his creditor a check on a bank, having no funds in bank to be drawn upon, under an arrangement that it is not to be paid, and gives a new note for the sum due at a less rate of interest, no money passing between the parties, such check is no payment of the original debt.

2. The giving of a check, when the drawer has funds in the bank to meet the same, is not originally regarded as payment, but is treated as the means to procure the money. The holder in such a case becomes the agent of the drawer to collect the money.

3. A party owing $8000 on notes secured by mortgage, without having any funds in bank drew his check on the bank in favor of his creditor for that sum,

and procured the cashier of the bank to say it was good, the intention being that it should not be presented for payment. The creditor then made a new loan of the same amount, taking the debtor's note for the same sum bearing a less rate of interest, and surrendered the check, but retained the old notes, no money, in fact, having changed hands: *Held,* that as no money was to be paid on the check it was no payment of the old notes, and that their payment could be enforced, notwithstanding this transaction.

Appeal from the Appellate Court for the Second District; —heard in that court on writ of error to the Circuit Court of Whiteside county; the Hon. John V. Eustace, Judge, presiding.

Messrs. C. J. & C. C. Johnson, for the appellant:

The notes were paid by the check of the maker, and should have been surrendered, and this discharged the mortgage.

Again, the taking of a new note for the amount of the old notes, with a mortgage securing its payment, was a complete payment of the original notes.

Messrs. J. & J. Dinsmoor, and Messrs. Bennett & Green, for the appellees:

The drawing of the check without having funds to meet it, was a fraud. *Heartt* v. *Rhodes,* 66 Ill. 351; 2 Parsons on Contracts, 623.

A check, even when drawn in good faith, is not a payment of a debt due from the drawer to the payee, but is only a means of payment. The holder becomes an agent of the drawer to collect the money. *Brown* v. *Leckie,* 43 Ill. 497.

The giving of a new note of the debtor or of a third person for a preëxisting debt, is no payment unless expressly so agreed, or unless the creditor parts with the note, or is guilty of *laches* in presenting it for payment in due time. He may return it when dishonored, and resort to his original demand. *Tobey* v. *Barber,* 5 Johns. 72; 2 Parsons on Contracts, 624; *Burdick* v. *Green,* 15 Johns. 247.

In order to have constituted the new note a payment of the four old notes, there must have been an agreement to accept the new note as payment for the old ones. *Simmons* v. *Clark*, 56 Ill. 96; *Yates* v. *Valentine*, 71 id. 643.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Peter Ege, executor of the estate of George W. Woodburn, deceased, held four promissory notes against James H. Woodburn, all dated March 14, 1873, one for the sum of $2000, due in one year, one for $2000, due in two years, one for $2376.50, due in two years, and the other for the sum of $2376.50, due in one year. The notes all drew interest at the rate of ten per cent per annum, and were secured by mortgages executed on the same date that the notes were made: On the 14th day of March, 1875, Woodburn paid on the notes all interest to that date and $753 on the principal, leaving a balance due on the principal of $8000. On the 13th day of March, 1880, there was due on the four notes the principal sum of $8000, and Woodburn claims that on that day he paid Ege said sum of money in full payment of the notes. He also claims that on the same day he made a new loan to Ege, of $8000, for one year, with interest at the rate of eight per cent. To secure the payment of this latter sum a note was executed by Woodburn, dated March 13, 1880, due in one year, and secured by mortgage on certain real estate, executed on the same day. The original four notes were never surrendered to Woodburn, nor was the mortgage given to secure them cancelled, and the only question presented by this record is whether they were paid.

The evidence of payment is in a small compass, and is substantially as follows: Woodburn called on the cashier of the First National Bank of Sterling, and made an agreement with him to answer his check for $8000. The understanding was that the money was not to be drawn from the bank on the check, but when Woodburn's check on the bank should be

presented, the arrangement was that the cashier of the bank should notify the holder that the check was good. After this arrangement Woodburn drew a check for $8000 in favor of Ege, on the First National Bank of Sterling. Ege called at the bank and was informed that the check was good. Then Ege loaned Woodburn $8000, at eight per cent interest, and took the new note and mortgage. There was no money paid over to Woodburn by Ege when this new loan was made,—he merely returned him the check which he had previously received. If appellant's theory is correct, here was a debt of $8000 paid and a new loan made of a like amount, and not a single dollar changed hands, nor did either of the parties have a dollar in money. The truth is, the whole arrangement was a mere subterfuge, resorted to for the purpose of changing the rate of interest from ten to eight per cent. The drawer of the check on the First National Bank had no money in the bank, and it was expressly understood between him and the cashier that no money was to be drawn on the check. Under such circumstances the check was worthless, and could not be treated as payment of the notes. Indeed, the giving of a check where the drawer has funds in the bank to meet the check, is not ordinarily regarded as payment, but it is treated as the means to procure the money. The holder in such case becomes the agent of the drawer to collect the money. (*Brown* v. *Leckie*, 43 Ill. 497; 2 Parsons on Contracts, 623.) Ege, the holder of the four notes, never received any sum of money whatever in payment of the $8000 conceded to be due on the 13th day of March, 1880, and the debt remains unsatisfied. The scheme devised by Woodburn and Ege, the holder of the notes, and the cashier of the bank, was a nullity, and binding upon no one.

It follows that the decision of the circuit court holding that the four notes were unpaid, was correct.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*