H. O. STONE & Co., Appellants, *vs.* ALBERT D. FERRY, Appellee.

*Opinion filed April 23, 1909.*

1. APPEALS AND ERRORS—*decisions construing section 87 of old Practice act apply to section 120 of new act.*  The decisions of the Supreme Court construing section 87 of the old Practice act, relating to the finding of facts by the Appellate Court in its judgment, are applicable to section 120 of the Practice act of 1907.

2. SAME—*Appellate Court is not required to recite evidentiary facts.*  It is the ultimate facts which the statute requires the Appellate Court to recite in its judgment when it reverses a judgment without remanding the cause because it finds the facts concerning the matter in controversy different, wholly or in part, from the finding of the trial court, and a recital of evidentiary facts in connection with the ultimate facts is neither necessary nor proper.

3. SAME—*recital of evidentiary facts has no effect upon recital of ultimate facts.*  Where the Appellate Court recites in its judgment the ultimate facts found by it, and also recites all or a part of the evidentiary facts from which the ultimate conclusion is drawn, the recital of the evidentiary facts is without effect, and the Supreme Court cannot consider it for the purpose of determining whether it warrants the finding as to the ultimate facts.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding.

JOHN M. CURRAN, (SIMMONS, MITCHELL & IRVING, of counsel,) for appellants.

ELPHICK R. EDE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

H. O. Stone and Thomas W. Magill, as partners under the name of H. O. Stone & Co., recovered a judgment in the municipal court of Chicago against Albert D. Ferry for $2250, for commission alleged to be due for effecting an exchange of Ferry's apartment building, known as "The Ridgewood," for certain vacant property located on Sheridan road, belonging to W. G., J. C. and E. D. Hoag. From this judgment Ferry prosecuted an appeal to the Appellate Court for the First District, which court reversed the judgment below, refused to remand the cause and made the following finding of facts: "And the court doth further find that there is no evidence that Walter M. Mitchell, or any one for or on behalf of the appellees, had any communication whatever with either Junius C. Hoag or Ernest D. Hoag, and therefore the appellees were not the effective means or procuring cause of effecting or bringing about an exchange between Albert D. Ferry and William G. Hoag, Junius C. Hoag and Ernest D. Hoag of real estate of parties last named for the real estate of appellant." Plaintiffs below have prosecuted an appeal to this court.

By their assignments of error appellants contend that the finding of facts is not sufficient to warrant the judgment of reversal entered by the Appellate Court. From an examination of the pleadings and evidence it appears that the right of appellants to recover depends on whether they

were the effective means or procuring cause of bringing about the exchange of appellee's property for the property of the Hoags. This question of fact was determined in appellants' favor by the trial court and against them by the Appellate Court. Appellants contend that the finding of the Appellate Court upon this ultimate fact should be limited or modified by the recital that "there is no evidence that Walter M. Mitchell, or anyone for or on behalf of the appellees, had any communication whatever with either Junius C. Hoag or Ernest D. Hoag." In other words, appellants insist that unless the evidentiary facts recited by the Appellate Court warrant the finding of the ultimate facts stated in the conclusion, the finding will not support a judgment of reversal without remanding the cause.

The Appellate Court, where it differs from the conclusion reached by the trial court, is required to recite in its final order the facts as found by that court. This implies the drawing of a conclusion from all of the evidentiary facts bearing on the issue, and the conclusion to be drawn from such evidentiary facts is the ultimate fact or facts upon which the case depends, and it is such ultimate facts which it is the duty of the Appellate Court to find. (*Brown v. City of Aurora,* 109 Ill. 165.) When the Appellate Court, for any reason, states all or some part of the evidentiary facts, and in connection therewith also finds the ultimate facts, this court will not consider the evidentiary facts for the purpose of determining whether the ultimate conclusion of fact is sustained by the evidentiary facts recited.

The decisions of this court in *Jones* v. *Chicago, Rock Island and Pacific Railway Co.* 231 Ill. 302, and *Hecker* v. *Illinois Central Railroad Co.* 231 id. 574, hold that section 120 of the new Practice act (Laws of 1907, p. 443,) is the same, in substance, as section 87 of the Practice act of 1872, hence the decisions of this court construing section 87 of the old Practice act are applicable to section 120

of the Practice act of 1907. That section of the Practice act provides, in substance, that where the Appellate Court finally determines a cause as the result, wholly or in part, of the finding of the facts concerning the matter in the controversy different from the finding of the court below, it is the duty of the Appellate Court to recite the facts as found in its final order or judgment, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause or proceeding. Where the Appellate Court reverses the trial court because it finds the facts, wholly or in part, different from the trial court and recites in its judgment the ultimate facts as found by the Appellate Court, this court has uniformly held that we have no power to examine the evidence upon which the finding of the Appellate Court rests. The decision of the Appellate Court in such cases is by the very words of the statute made "final and conclusive as to all matters of fact in controversy in such cause." Whether the decision of the Appellate Court is supported by the evidence is not open for review in this case. *Hayward* v. *Merrill,* 94 Ill. 349; *Harzfeld* v. *Converse,* 105 id. 534; *Missouri Furnace Co.* v. *Abend,* 107 id. 44; *Thomas* v. *Fame Ins. Co.* 108 id. 91; *Martin* v. *Martin,* 212 id. 301.

Since under the uniform rule of decision this court will not look into the record to determine whether the evidentiary facts support the ultimate fact or facts found by the Appellate Court, the statute making the judgment of the Appellate Court "final and conclusive" cannot be evaded by a recital of a part or all of such evidentiary facts in the final order or judgment of the Appellate Court. This court has held in numerous cases that the evidentiary facts should not be recited in the final judgment of the Appellate Court. The statute does not authorize, much less require, the recital of such evidentiary facts. It follows from the rules thus established that the recital of the evidentiary facts by the Appellate Court in connection with a recital of the

239—39

ultimate conclusion, either as a reason for or as premises from which such ultimate conclusion of facts is drawn, can neither add to nor take from such ultimate conclusion. (*Martin* v. *Martin, supra.*) In the case last cited, on page 313, this court said: "The recital in the finding of facts of a part of the evidentiary facts upon which the finding of the Appellate Court as to the ultimate controlling facts are based will not impeach their finding as to the ultimate controlling facts, but the evidentiary facts contained in their finding will be rejected as surplusage."

Applying the rules laid down in the foregoing decisions to the finding of facts in the case at bar, it will readily be seen that the first proposition in the finding, that "there is no evidence that Walter M. Mitchell, or any one for or on behalf of the appellees, had any communication whatever with either Junius C. Hoag or Ernest D. Hoag," is a mere recital of one evidentiary fact which might in some degree tend to prove that the appellants had no right of recovery. Following this clause the Appellate Court announces its conclusion upon the ultimate fact that the appellees (appellants here) were not "the effective means or procuring cause of effecting or bringing about an exchange between Albert D. Ferry and William G. Hoag, Junius C. Hoag and Ernest D. Hoag of real estate of parties last named for the real estate of appellant." Rejecting as surplusage the first clause in this recital as the unnecessary statement of an evidentiary fact, we have remaining a finding upon the controlling ultimate fact in issue between the parties.

Assuming the facts to be as found by the Appellate Court, the judgment of reversal without remanding the cause was the only proper judgment the Appellate Court could have entered. There are no other questions open for consideration on this record.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*