(No. 12811.—Judgment affirmed.)

THOMAS H. STEVENSON, Appellee, *vs.* SHERBURNE M. EARLING *et al.* Appellants.

*Opinion filed December 17, 1919.*

1. APPEALS AND ERRORS—*what is the ultimate fact which Appellate Court must find under section 120 of Practice act.* Under section 120 of the Practice act the duty of the Appellate Court to make a finding of facts in its judgment implies the drawing of a conclusion of fact from all the evidentiary facts bearing on the issue, and the conclusion so drawn is the ultimate fact or facts upon which the case depends and which it is the duty of the Appellate Court to find if it reverses without remanding.

2. SAME—*when finding by the Appellate Court is conclusive.* Where the only issue tried in an action of assumpsit is on a plea of payment, a finding by the Appellate Court, on reversing a judgment in favor of the defendants, that the checks sent by the defendants to the plaintiff were not accepted by the plaintiff as payment of the indebtedness sued on is a finding of the ultimate fact in issue and is conclusive.

3. SAME—*finding by Appellate Court on mixed questions of law and fact is binding.* In an action at law a finding by the Appellate Court on mixed questions of law and fact is binding on the Supreme Court.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

JOHN L. HOPKINS, and DONALD J. DEWOLFE, (WILLARD C. McNITT, of counsel,) for appellants.

FREDERICK Z. MARX, (THOMAS H. STEVENSON, *pro se,* of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Thomas H. Stevenson, appellee, brought an action in assumpsit on the common counts against the appellants to recover the sum of $1750, which appellee had paid on or about April 5, 1914, to appellants upon a certain subscription contract for railroad bonds. There appears to be no dispute as to the contract existing between the parties in this case, and it is agreed that by reason of the eventual refusal on the part of the railroad company to issue the bonds concerning which the appellee and appellants had entered into said contract the bonds were not and could not be furnished, and that appellants on June 1, 1914, informed appellee by letter of the refusal of the railroad company to issue the bonds in question and returned to him two checks,—one covering the sum of $1750 paid by appellee, and another for the sum of $10.94 as interest on said payment at the rate of five per cent per annum, as appellants had by said subscription contract agreed to pay. It also appears, without dispute, that these checks were sent to the address given by appellee in the subscription contract, but that by reason of illness of appellee he was absent from his office between May 28, 1914, and July 2, 1914, and that the LaSalle Street Trust and Savings Bank, upon which the checks were drawn, went into the hands of a receiver on or about June 12, 1914, so that when appellee, upon return to his office, secured the checks and sought to deposit them at his own bank, he was informed that payment on them would not be made as the bank on which they were drawn was then in the hands of a receiver. To the suit filed by the appellee herein, appellants filed a plea of non-assumpsit

and an additional plea setting up payment. The case was tried in the superior court of Cook county without a jury. The appellee there submitted certain propositions of law, some of which were marked "held" and others "refused." The superior court found the issues for the defendants, the appellants herein, and entered judgment therein for costs. From this judgment the appellee here prosecuted an appeal to the Appellate Court, which reversed the judgment of the trial court and rendered judgment against the appellants here in the sum of $2185, being the principal amount paid on the subscription and interest from the date of payment. The Appellate Court, in addition, made a finding of facts in the following language: "We find that the checks dated June 1, 1914, sent by appellees, Sherburne M. Earling and Harold S. Cook, to appellant, Thomas H. Stevenson, were not accepted by him as payment of the indebtedness sued on and did not constitute payment thereof in whole or in part, and that there is now due from appellees to appellant the sum of $2185." The Appellate Court also granted a certificate of importance in this case.

It is contended by the appellants that the purported finding of facts entered by the Appellate Court is erroneous and ineffectual and is not a finding regarding the ultimate facts involved in the case but consists only of the Appellate Court's construction of the law, and that therefore this court is not bound by such purported finding of facts.

It is provided by section 120 of the Practice act that when the Appellate Court reverses, without remanding, a cause as the result wholly or in part of a finding of the facts concerning matters in controversy different from the finding of the court from which said cause was brought, it becomes the duty of the Appellate Court to recite in its final order or judgment the facts as found. This duty on the part of the Appellate Court implies the drawing of the conclusion from all the evidentiary facts bearing on the issue, and the conclusion so drawn is the ultimate fact or

facts upon which the case depends and which it is the duty of the Appellate Court to find. (*Stone & Co.* v. *Ferry,* 239 Ill. 606; *Sparta Gas Co.* v. *Illinois Southern Railway Co.* 247 id. 346.) If there is a finding of the ultimate facts, the fact that the finding of facts may also include a recital of evidentiary facts does not make it any less a finding of ultimate facts, as required by the statute. The finding of the Appellate Court in the instant case that the checks in question were not accepted by the appellee as payment of the indebtedness sued on was a finding of the ultimate fact.

An examination of the record in this case discloses that although the plea of non-assumpsit was filed no attempt was made to establish that defense. The plea of payment was also filed and it was upon that issue that the case was tried. There is substantially no dispute as to the existence of the indebtedness, as is shown by the fact that appellants sent the checks in question to appellee. As payment was the issue made in the case, and as the only payment alleged in the pleadings and sought to be established by the proofs was payment by the checks in question, the finding of the Appellate Court that there was no payment was a finding of the ultimate fact in the case.

The finding of an ultimate fact is a conclusion of fact drawn from evidentiary facts, and the application of legal principles may be required to reach such conclusion, thereby making the question a mixed one of law and fact. Findings by the Appellate Court on mixed questions of law and fact are binding on this court. *Roemheld* v. *City of Chicago,* 231 Ill. 467; *McGovney* v. *Melrose Park,* 241 id. 142; *Cobe* v. *Bartlett,* 270 id. 61.

The finding of facts in this case is conclusive, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*