Oscar Nelson, Auditor of Public Accounts of the State of Illinois, v. John B. Colegrove & Co. State Bank.
Moore-Lowry Flour Mills Company, Appellee, v. Robert G. Earley, Receiver of John B. Colegrove & Co. State Bank, Appellant.

Gen. No. 8,618.

50

OSCAR J. PUTTING, for appellant.

HERSHEY & VOGELSANG, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

In the case of *Oscar Nelson, Auditor of Public Accounts, v. John B. Colegrove & Co. State Bank* which was instituted for the purpose of the liquidation of said bank on the ground of insolvency and in which appellant was appointed receiver, the Moore-Lowry Flour Mills Company, a corporation organized under the laws of the State of Kansas, filed its intervening petition for the purpose of having its claim against the bank declared to be a preferred one as against the general creditors. The cause was submitted to the chancellor upon a stipulation of facts.

On September 19, 1929, appellee forwarded to said bank its sight draft on Ellrich Brothers for the sum of $1,566.50 for collection and remittance, together with a bill of lading thereto attached for a carload of flour shipped to them by appellee. On September 25, 1929, Ellrich Brothers executed their check for the sum of $1,568.10, covering the amount of the sight draft and exchange. This check was drawn upon said bank and payable to the order of "Yourselves." Ellrich Brothers were and had been customers of said bank but on said day the amount of their deposit therein was but $298.10. The bank accepted the check and delivered the bill of lading to Ellrich Brothers. The check was not charged to the account of Ellrich Brothers in the bank but was carried as a cash item in the assets of the bank. On October 8, 1929, the bank issued a certificate of deposit for said amount payable

to appellee which it sent to the latter who immediately deposited the same in the Commerce Trust Company of Kansas City, Missouri, and it passed through the regular banking channels to the John B. Colegrove & Co. State Bank for payment. The certificate of deposit nor any part thereof was ever paid by the latter bank which was closed by the auditor October 11, 1929. From September 25 until October 11, 1929, there had been deposited in the bank by Ellrich Brothers the sum of $2,566.36 and at the time the bank closed it had cash assets in the amount of $25,575.19. Between September 25, 1929 and October 11, 1931, $2,582.09 were charged off against the account of Ellrich Brothers on checks issued by them in the usual course of business. Under the above facts the court held that the claim of appellee was entitled to a preference.

It has been held by all the courts of this State which have passed upon the question that where an account has been sent to a bank with instructions simply to collect, the collection of the fund establishes the relation of debtor and creditor only between the parties, but when the paper is sent with express instructions to collect and remit, then the money when collected by the bank becomes a trust fund. *People v. Iuka State Bank,* 229 Ill. App. 4; *Bates v. People ex rel. Nelson,* 265 Ill. App. 1.

When the bank accepted the check of Ellrich Brothers and delivered to them the bill of lading and issued the certificate of deposit in question and remitted the same to appellee, its liability to appellee became absolute and cannot be evaded by any system of bookkeeping adopted by the bank in regard to the check executed by Ellrich Brothers. Nor can the contention that appellee accepted the certificate of deposit in payment of its draft on Ellrich Brothers be sustained. Without an express agreement and understanding between appellee and the bank that the cer-

tificate of deposit was accepted as payment of the debt, it was not such payment until the certificate of deposit was paid but was only a means of payment. *Leake v. Brown,* 43 Ill. 372; *Bailey v. Pardridge,* 134 Ill. 188; *United States Wringer Co. v. Cooney,* 214 Ill. 520; *Woodburn v. Woodburn,* 115 Ill. 427; *Brown v. Leckie,* 43 Ill. 497; *Stevenson v. Earling,* 290 Ill. 565.

Under the facts as disclosed by the stipulation a trust was established and the decree of the circuit court is affirmed.

*Affirmed.*

