Wood, Judge.
The law upon which the first four assignments are based will be found in the 18th section of the act entitled “ an act directing the mode of trial in criminal cases.” Swan’s Stat. 725. The language is in these words : “ That if the prisoner elect to bo tried in the Supreme Court, the clerk of the court of Common Plea.? shall truly record the indictment, and forthwith make out a certified transcript of the same, with the proceedings of the court on such indictment, and deposit such transcript, with the original indictment, in *52 the office of the clerk of the Supreme Court; which clerk shall docket the same ; and the Supreme Court shall proceed thereon to trial and judgment.”
It is only when the provisions of this act are complied with that the Supreme Court acquires jurisdiction of the case. State d. Turner, Wright, 33. And in a case involving life great caution is required, and parties are held to a strict compliance with the law. Idem. The original indictment must he sent up, for it is on that the prisoner must be arraigned; to it he must plead, and upon it must be tried. The reason why the indictment is to be recorded, and included in the transcript sent up of the other proceedings of the Common Pleas, is, perhaps, not very clear; but, probably, that it might be compared with the indictment, and show to the court that it was the same indictment on which the election was made to be tried in the Supreme Court.
The law requires the clerk of the court of Common Pleas to deposit the indictment in the office of the clerk of the Supreme Court; but it does not require the clerk of the Common Pleas to certify this fact in the record of the proceedings — for he is not required to deposit it until after the record is made, and then with the record.
An inspection of this record shows that no error has intervened, so far as these assignments are concerned. It appears the case was 52] docketed in the Supremo Court; and that the * court were satisfied the same indictment was there which is set forth in the transcript, and on which the election was made ; that the trial was upon it, and not on the transcript.
The record in the Supreme Court is in these words : “ The State of Ohio v. Solomon Shoemaker. Indictment for murder in the first degree. The prisoner being brought into court, and arraigned, etc., and the indictment being read to him, plead .not guilty, thereto.” The jury, in their verdict, say, “ that he is guilty,” etc.s “ as he, the said Solomon Shoemaker stands charged in the indictment.” It was, therefore, on the indictment that Shoemaker was tried and convicted, and not on the transcript or copy of the indictment. It docs, also, clearly appear, that the original indictment is copied into the record from the certificate of the clerk. Shoemaker, therefore, can take nothing from these assignments for error.
It is also assigned for error, that it does not appear from the record that the jurors had the qualifications required by law. The record describes the iurors as “ good and lawful men.” The statute re *53 quires them to have the qualifications of electors, and to be householders. Suppose the - jurors do not possess those qualifications, it is only a cause of challenge, and if waived by the accused, he can not avail himself of the objection on error. By such waiver he consents to their qualifications, and submits to be tried by them.
The sixth and last assignment, is, that the court erred in their charge to the jury.
A bill of exceptions was taken to the instruction of the court, from which it appears that the court charged the jury that the law fixed no length of time; if the person had actually formed the purpose maliciously to kill, and deliberated and premeditated upon it, before he performed the act, he was guilty of murder in the first degree, however short the time might have been between the purpose and its execution ; that it was not time that constituted the distinctive difference between murder in the first and second degree ; but the actual existence of Such purpose, malice, deliberation and premeditation, constituted murder in the first degree; that it mattered not * how [53 short the time, if the party had turned it over in his mind, weighed and deliberated upon it.
It is admitted by counsel, that the decisions in Pennsylvania sustain the charge, and even go far beyond it; for while the statutes of that state, to constitute murder in the first degree, require that the crime should be committed with deliberate and premeditated malice, an indictment in the common law form, merely, would there be sustained.
It is insisted the court erred in their charge in this case, in saying to the jury that however short the time may have been between the purpose and its execution, if the design were formed maliciously to kill, and deliberated and premeditated upon before the act was performed, it constituted murder in the first degree. It is said that a purpose or design may be premeditated, hastily formed, and executed so quickly, that time does not intervene for deliberation, and that without deliberation the crime of murder in the first degree is not complete ; and that, from the charge to the jury they may have supposed if the design was formed beforehand, it need not be deliberated upon.
We can not so understand the language of the charge ; but it is expressly said the jury must find the accused deliberated and premeditated upon it, that is, upon the formed purpose maliciously to kill, before he did the act. This language seems to us to satisfy the statute, ' and it would seem to make no difference whether the deliberation was in forming the' design maliciously to kill, or, in the continuance of *54 such design after being formed, until the same was executed. The statute makes no distinction. The charge in this case is sustained by the case of the State v. Turner, Wright, 30; State v. Gardner, ibid. 399 ; State v. Thompson, ibid. 622.
On the whole, therefore, we are of the opinion the application for a writ of error should be refused.
Application refused.