RUTHERFORD *v.* MOODY.

Opinion delivered June 23, 1894.

1. *Process—Service by attorney.*

   A service of a summons by plaintiff's attorney is bad.

2. *Appearance—Tender and payment into court.*

   Where, upon quashal of the service of summons, defendant tendered to plaintiff the amount due, and, upon his refusal to re-

ceive it, paid the amount into court, his acts will not be con-
strued to constitute an appearance to the action, where it is not
shown that such was his intention.

Appeal from Sebastian Circuit Court, Fort Smith
District.

EDGAR E. BRYANT, Judge.

*Jo Johnson*, of counsel for appellant.

1. A summons may be served by an officer or *per-son* authorized by law to serve process. Mansf. Dig.
sec. 4037. Thos. E. Ward was not "a party to the
action." *Ib.* 4975 and clause 3. The practice in circuit
court is followed in justices' courts. *Ib.* ch. 91, sec. 4034;
37 Ark. 450; Dig. secs. 4975, 4038. An appointment by
the justice was not necessary. *Ib.* sec. 4975. Serving
summons by the *plaintiff* is a mere *irregularity*, to be
taken advantage of *before* judgment—not after. 17 How.
347.

2. But Moody *appeared*, and tendered the money to
plaintiff. This was sufficient. 1 Ark. 384.

HUGHES, J. The appellant sued the appellee be-
fore a justice of the peace, and the summons issued by
the justice was served by the appellant's attorney.
Moody moved to quash the service upon him, because
made by appellant's attorney. The motion was sus-
tained, and thereupon the cause was dismissed as to
Moody, who then tendered to the appellant the amount
of his debt, which appellant refused to receive, which
Moody thereupon paid into court. The appellant ap-
pealed to circuit court, where appellee renewed the mo-
tion to quash, which was sustained, and he appealed to
this court.

The service of process, in a suit, should be made by
an indifferent person, and not by a party, or one inter-
ested in the suit, as attorney, or otherwise. Weeks on

1. Service
of process by
attorney.

Attorneys, sec. 122; *Ingraham* v. *Leland*, 19 Vt. 304; *White* v. *Haffaker*, 27 Ill. 349.

2. As to appearance.

There does not appear to have been any intention upon the part of appellant to appear in the action, and his tender and subsequent payment of the debt into court was not an appearance to the action.

The judgment is affirmed.