FIRST NATIONAL BANK OF WHITEWATER v. JOHN O. ESTENSON.[1]

April 23, 1897.

Nos. 10,519—(59).

**Process—Service.**

> G. S. 1894, § 5197, which provides that "the summons may be served by the sheriff of the county where the defendant is found, or by any other person not a party to the action," construed, and *held*, that it does not prohibit the plaintiff's attorney from serving the summons.

Appeal by defendant from an order of the district court for Stevens county, C. L. Brown, J., denying a motion to set aside service of the summons. Affirmed.

*Geo. E. Darling,* for appellant.
*H. C. Berry,* for respondent.

START, C. J. The summons in this case was served by the plaintiff's attorney, who subscribed it as such. The defendant made a motion to set the service aside for the reason that the attorney was disqualified from serving the summons, and he appeals from an order denying his motion.

This appeal presents the sole question whether a summons may be served by the plaintiff's attorney who issues it. We answer the question in the affirmative.

A summons is not a process, but merely a notice given by the plaintiff's attorney to the defendant that proceedings have been instituted, and that judgment therein will be taken against him if he fails to answer. Hanna v. Russell, 12 Minn. 43, (80). Such being its character, the common-law rules as to the service of writs and other judicial process have no application to the service of a summons, and it may be served like any other notice by any private person unless prohibited by statute. The only statutory prohibition is G. S. 1894, § 5197, which, so far as here material, is in these words:

"The summons may be served by the sheriff of the county where the defendant is found, or by any other person not a party to the action."

[1] Reported in 70 N. W. 775.

The contention of the appellant is that this statutory prohibition by necessary implication includes the agent and attorney of the party, because a party cannot do by another what he himself is prohibited from doing. This is plausible, but, carried to its legal conclusion, it would extend the statute, by a construction manifestly in violation of its letter and spirit, so as to prohibit the service of a summons by any other person than the sheriff. Such would be the result of the construction contended for, because, if the plaintiff contracts with or procures a private person to serve his summons, such person is necessarily his agent or attorney, and acts for him, and not as an officer of the court or of the law. The legislature, for manifest reasons of public policy, by this statute prohibited a party to an action from serving his summons; but such reasons do not apply to the same extent to his attorney, who is an officer of the court, and answerable to it for fraud or misconduct in the premises, and the legislature has not seen fit to extend the prohibition to the attorney. This statute has been in force in this state from territorial days, and in practice, so far as we are advised, has never been construed as forbidding the service of a summons by the plaintiff's attorney. Indeed, this seems to be the first case in which the question was ever raised in this or any other state having a similar statute. Both the language of the statute and public policy forbid that we should now repudiate this practical construction, and hold that the attorney of record of a party cannot serve his summons.

Order affirmed.