[No. 22070. Department One. January 9, 1930.]

HARRY GOLSON et al., Respondents, v. JOHN DOE CARSCALLEN et al., Appellants.[1]

L. H. Brown, for appellants.

Del Cary Smith and B. J. Onstine, for respondents.

MILLARD, J.—This appeal is prosecuted by the defendants from an order denying their petition for the vacation of a judgment of default.

Under their contract with the state of Washington for the improvement of a state road, the appellants entered into a subcontract May 14, 1928, with respondents for the performance of a part of the work. The parties later disagreed as to the compensation due to the respondents under the subcontract. Respondents'

[1]Reported in 283 Pac. 681.

attorneys, respondent Golson and appellant Delivuk
met several times in the office of respondents' at-
torneys, but the views of the parties as to their re-
spective rights could not be harmonized. On October
4, 1928, respondents' attorneys prepared the summons
and complaint in an action against the appellants, and
inclosed same in a letter of October 9, 1928, to appel-
lants, with the request that the appellants accept serv-
ice. That letter reads as follows:

"We inclose you summons and complaint in the case
of Golson vs. yourself. We are mailing it to you to
save the unnecessary expense of having the sheriff
serve it upon you. Hoping that we may yet be able to
settle the matter without court action, we have not filed
the complaint and will not do so until we give you an
opportunity to adjust the matter outside of court if
you desire to do so. We have advised our client to let
us adjust the matter outside of court if possible, and
hope you will call and see us at once."

On October 23, Delivuk not having responded to the
letter, one of respondents' attorneys served on Delivuk
at his residence, by leaving same with Mrs. Delivuk, a
copy of the summons and complaint in the action. That
summons, as well as each summons sent to or served
upon the appellants, reads as follows:

"You are hereby summoned to appear within twenty
days after service of this summons, exclusive of the
day of service, and defend the above entitled action in
the court aforesaid, and answer the complaint of plain-
tiffs and serve a copy of your answer on the under-
signed attorneys for plaintiffs at the address below
stated; and in case of your failure so to do, judgment
will be rendered against you according to the demand
of the complaint, *which has been filed* with the clerk of
said court, a copy of which is herewith served upon
you." (Italics are ours.)

The form of summons prescribed by the statute Rem.
Comp. Stat., § 223, reads as follows:

"You are hereby summoned to appear within twenty days after service of this summons, exclusive of the day of service, and defend the above-entitled action in the court aforesaid; and in case of your failure so to do, judgment will be rendered against you, according to the demand of the complaint *which will be filed* with the clerk of said court, or a copy of which is herewith served upon you." (Italics are ours.)

Rem. Comp. Stat., § 224, provides:

"A copy of the complaint must be served upon the defendant with the summons unless the complaint itself be filed in the office of the clerk of the superior court of the county in which the action is commenced within five days after service of such summons, in which case the service of the copy may be omitted; but the summons in such case must notify the defendant that the complaint *will be filed* with the clerk of said court; and if the defendant appear within ten days after the service of summons, the plaintiff must serve a copy of the complaint on the defendant, or his attorney within ten days after the notice of such appearance, and the defendant shall have at least ten days thereafter to answer the same; and no judgment shall be entered against him for want of an answer in such case till the expiration of the time." (Italics are ours.)

Several times following the service of October 23, 1928, respondents' attorneys, by telephone, informed Delivuk that default judgment would be taken, and on December 24, 1928, caused to be served upon Delivuk by a constable of Spokane the same form of summons and complaint. Delivuk, at that time, as he had done on each of the other occasions when he received the summons notifying him that *the complaint had been filed,* made inquiry of the county clerk, who informed him that no complaint had been filed. On January 24, 1929, appellants not appearing, on motion of the respondents, default judgment was entered against the appellants. In the Spokane newspapers of January

26, 1929, in the column of "New Suits Filed," appeared the following:

"Harry Golson v. John Doe Carscallen; $587 on road contract." Noticing the foregoing item, Delivuk immediately inquired of the county clerk whether a suit had been filed. Delivuk was advised that "the same had been filed and judgment entered." Appellants, on January 29, 1929, retained counsel, who filed petition for vacation of the judgment. Counsel for the parties herein stipulated that the motion to vacate the default judgment could be made on February 1 with the same effect as though the same had been made on January 29, it being impossible for appellants' counsel to be in Spokane prior to February 1. Attached to appellants' petition for vacation of the default judgment, was a proposed answer to respondents' complaint. The allegations of the proposed answer, if true, constitute a meritorious defense.

Appellants contend that the summons is not in the form required by the statute, and that the court abused its discretion in refusing to reopen the default and permit the defendants to file their proposed answer.

Respondents argue, citing *Hurley v. Wilson*, 129 Wash. 567, 225 Pac. 441, that it is not an abuse of discretion to refuse to vacate a judgment where the ground alleged was that the defendant had been misled into believing no default would be taken and she would be given an opportunity to appear.

In *Hurley v. Wilson, supra*, a decree was entered January 23, 1922. On February 25, 1922, after notice duly given, the mortgaged property was sold by the sheriff. On May 24, 1922, four months subsequent to the entry of the decree, the appellant interposed her petition for the vacation of the decree. Her proposed answer did not disclose that she had a meritorious de-

fense to the action. Neither did she manifest diligence in seeking a vacation of the decree. That case and the case at bar are distinguishable on the facts.

"An application to open or vacate a judgment is an appeal to the equitable powers of the court, addressed to the discretion of the court, and it is to be disposed of upon equitable principles so as to do justice to all persons concerned. Generally the discretion will not be favorably exercised unless the enforcement of the judgment would be unjust, oppressive, or inequitable, as to the moving party, who must be actually or prospectively injured or prejudiced by it, and be benefited by its opening or vacation, nor unless the motion can be granted without material injustice to the opposing party, or prejudice to the intervening rights of third persons." 34 C. J. 371.

The appellants are plainly and justly entitled to a vacation of the default judgment. We may disregard the following argument of appellants: Delivuk is a man of limited education, foreign born, of German-Austrian extraction. He relied upon the advice of his partner, appellant Carscallen, a citizen of Idaho. Carscallen informed Delivuk in November, after the first attempted service of the summons and complaint by one of respondents' attorneys, that, the complaint not having been filed, though the summons so stated, no attention should be paid to same, as the laws of Idaho, which he believed to be the same as Washington, required filing before service.

That appellants were diligent in making application for vacation of the default, is shown by the filing of their petition within a few hours after discovery that judgment had been entered. The allegations of their answer, if true, disclose a meritorious defense. No material injustice would be done to the respondents, nor would intervening rights of third persons be prejudiced, by the granting of appellants' petition. The

facts clearly disclose that the appellants were misled. Each time the summons was served upon Delivuk, that summons recited that the complaint had been filed. Each time Delivuk learned, on inquiry at the county clerk's office, that the complaint had not been filed. Following the attempted service of October 9, when, by letter, respondents advised the appellant Delivuk,

"Hoping that we may yet be able to settle the matter without court action we have not filed the complaint *and will not do so until we give you an opportunity to adjust the matter outside of court,*"

and following each succeeding service except that of December 24, the summons in each instance stating "the complaint which has been filed with the clerk of said court," Delivuk was requested to pay or default judgment would be taken.

As said above, the motion should be disposed of upon equitable principles. If we are to hold appellants to a strict compliance with the statutory condition that failure to answer in time will result in a default judgment being entered against them, the same technical exactitude should be required of the respondents in meeting the terms of the statute as to the form of the summons. The summons was not void, but its form, together with other facts hereinabove recited, misled appellants who promptly petitioned vacation of the default and made a showing of a meritorious defense to the action. It follows, then, that discretion required the trial court, in the interests of justice, to set aside the default.

The judgment is reversed with instructions that the default be reopened and the cause proceed; the appellants to pay costs accrued to date and also pay an attorney's fee of fifty dollars.

MITCHELL, C. J., PARKER, TOLMAN, and BEALS, JJ., concur.