W. F. MIEHL ET AL., APPELLANTS, v. SOUTH CENTRAL SECURITIES CO., RESPONDENT.—58 S. W. (2d) 1011.

Kansas City Court of Appeals.    March 6, 1933.

*Prince & Berry* and *Hume & Raymond* for appellants.

*L. L. Watts* for respondent.

TRIMBLE, J.—This appeal is from a judgment of the Circuit Court of Jackson County, Missouri, on a motion of appellants to quash execution No. 13609 issued on Transcript Judgment in case No. 367,921 of South Central Securities Company, a Corporation v. W. F. Miehl and R. H. Dyer. The circuit court denied the motion and refused to quash the execution, whereupon the defendants in execution appealed to this court. The suit of the South Central Securities Company against appellants was instituted in a Justice Court of Jackson County on September 17, 1931, on a promissory note for $207.21, with interest from January 27, 1931, and for a reasonable attorney's fee. The statement was signed "Martin L. Green, attorney for plaintiffs." Summons was duly issued, the justice endorsing thereon these words: "At the plaintiff's risk and request, I hereby authorize Martin L. Green to serve the within summons. M. H. Joyce, Justice of the Peace."

The summons was served by Martin L. Green who made a return thereon that he served the same on defendant R. H. Dyer September 19, 1931, by delivering a copy of said summons to said defendant; also served said summons on defendant W. F. Miehl, September 22, 1931, "by leaving a copy of the same at the usual place of abode of the within named defendant W. F. Miehl with a person of the family over fifteen years of age the 22 day of September, 1931, in Kaw Township, Jackson County, Missouri."

On the return day, the case was continued to a later date. Defendants made no appearance and the plaintiffs took judgment by default for $207.21 principal; $18.51 interest and $33.87 attorneys' fees.

A transcript of said judgment was filed in the circuit clerk's office January 4, 1932, and on it a general transcript execution was issued under which the sheriff levied on property of the defendant therein, R. F. Dyer, which was advertised and set for sale on Monday, February 15, 1932, at 2 P. M.

The motion to quash execution was then filed, setting up several grounds for the quashal of the execution only one of which is presented or relied on in appellants' brief, namely:—

That the judgment on which the execution issued was, and is, void and the justice had no jurisdiction because no legal service was had upon defendant therein, for the reason that service was made by Martin L. Green, the attorney for the plaintiffs therein, there being no justification in law for the deputizing of the attorney for the plaintiffs therein because the regular constable of said justice court was available for the service of process, and was in no way disqualified or interested in the result of said lawsuit.

The authority to appoint a suitable person to execute process is conferred by Section 2197, Revised Statutes of Missouri, 1929, Volume 4, Missouri Statutes Annotated, page 2392, which reads as follows:

"Sec. 2197. Every justice issuing any process authorized by this article, upon being satisfied that such process will not be executed for want of an officer to be had in time to execute the same, or in all cases where the constable is a party to the pending suit or is otherwise interested in the result thereof, may empower any suitable person, not being a party to the suit, to execute the same, by indorsement upon such process to the following effect: 'At the request and risk of the plaintiff, I authorize _____ to execute this writ. E. F., justice of the peace.' And the person so empowered shall thereupon possess all the authority of a constable in relation to the execution of such process, and shall be subject to the same obligations, and shall receive the same fees for his services."

In Cooksey v. Kansas City, St. Joseph & Council Bluffs R. R. Co., 17 Mo. App. 132, 137, it is held that the justice's record need not show how or why the appointment was made, that the statute only

requires that the mind of the justice shall be satisfied of the necessity of the deputation, and that he shall evidence this by endorsing the appointment on the writ which was done in this case. This endorsement is the record evidence of the fact. Consequently the judgment of the justice in the case at bar was not void, and the defendants ignored the summons and failed to appear in court at their peril. While it is alleged in the motion to quash that there were in fact no grounds on which the justice was authorized to appoint a suitable person to serve the summons, yet there is no evidence in the record to show this fact, nor effort to introduce any, even if it were possible to controvert it, concerning which we express no opinion.

It is useless to discuss what the situation was or is at common law, since here the right to appoint a person to execute the writ is statutory. The statute says "any person, not being a party to the suit."

In State ex rel. v. McClanahan, 273 S. W. 1059, a case in which the word "party" was construed with reference to its meaning in that section of the Constitution relating to the jurisdiction of the Supreme Court when a county is a "party," the court said:

"In two recent cases we have held that a 'party' to an action, within the meaning of the constitutional provision relating to jurisdiction, means a party to the record. [State ex rel. Tadlock v. Mooneyham, 296 Mo. 421, 247 S. W. 163; State to Use of Nee v. Gorsuch, 303 Mo. 295, 260 S. W. 455.] It does not matter in such case whether a county is indirectly affected by the result of the proceeding, the jurisdictional question depends upon whether the county as such is a party to the record."

In Womach v. City of St. Joseph, 201 Mo. 467, 478, wherein *res adjudicata* was being considered which depended upon what the word "party" meant, Judge LAMM said:

"Under the term *parties*, in this connection, the law includes all who are directly interested in the subject-matter, and had a right to make defense, or to control the proceedings, and to appeal from the judgment. This right involves also the right to adduce testimony, and to cross-examine the witnesses adduced on the other side. Persons not having these rights are regarded as 'strangers to the cause.' [See Henry v. Woods, 77 Mo. l. c. 281; State ex rel. v. Johnson, 123 Mo. l. c. 54-5; State ex rel. v. St. Louis, 145 Mo. l. c. 567; Williams v. Husky, 192 Mo. l. c. 551.]"

In Plano Mfg. Co. v. Murphy, 92 N. W. 1072, 1073, the statute of South Dakota was very similar to our statute, for it said, "The summons may be served by the sheriff . . . or by any other person *not a party to the action*." (Italics ours.) And in reference to the meaning of the word "party" the Supreme Court of that State said:

"The word 'party' was evidently used in this section by the lawmaking power in its technical sense, and a person, therefore, not

strictly a party to the record, is competent to serve a summons in a civil action. The fact that E. F. McCoy was the collecting agent of the plaintiff did not disqualify him, and a service made by him therefore was a legal service. [Bank v. Estenson, 68 Minn. 28, 70 N. W. 775; Loucks v. Hollenbeck (Sup.), 63 N. Y. Supp. 1.]''

In the suit involved in the case at bar, as in the case just cited, no fraud was practiced upon the defendant, no surprise is charged, no excusable neglect is claimed nor was any contention made as to the merits of the action.

In Outdoor Supply Co. v. Westhome Sec. Corporation, 249 N. Y. Supp. 571, 572, the statute read, ''The summons may be served by any person of the age of eighteen years or over, *other than a party to the action.*'' (Italics ours.) The court said:

''As was said in Woods v. DeFiganiere, 24 N. Y. Super. Ct. 607, at page 611, 'All the provisions of the Code as a general rule, when treating of the parties to the action, mean only the parties to the record, whether nominal parties, or the actual parties in interest.' This decision was cited with approval in People v. Mutual Gas Light Co. of Brooklyn, 74 N. Y. 434, at page 435. In the latter case the Court of Appeals, in determining the meaning of the word 'party' in connection with examinations before trial, said: 'The word "party," as used in this and previous similar statutes, has an unmistakable meaning. It means a plaintiff or defendant, and cannot be extended to the officers, servants, agents and employees of the parties, whether such parties be corporations or natural persons.' ''

In 50 C. J. 473, sec. 67, it is said:

''It is a general principle of law that a person cannot serve process in his own action; and under this rule, in some jurisdictions, service by plaintiff's attorney has been held void. But under statutes which provide that process may be served by any person not a party to the action, plaintiff's attorney, or even a disqualified officer in his private capacity, may serve process.''

In 21 R. C. L., p. 1272, section 13, it is said:

''Some cases held invalid the service of a summons by the plaintiff's attorney, either because the attorney is incompetent at common law, or because he must be considered a party to the action. On the other hand it has been held that an agent or attorney of the plaintiff is not within the inhibition of a statute which precludes a party to the action from serving a summons. The word 'party' is held to be used in its technical sense, and a person not strictly a party to the record is therefore competent to serve the summons. It has also been held that the plaintiff's attorney or agent may be deputized to serve a summons.''

In 32 Cyc., page 454, it is said:

''If by statute any person not a party may serve the summons, plaintiff's attorney is competent. So is plaintiff's agent, or a stock-

holder in plaintiff corporation. One who makes service of the writ will be presumed to be a proper person in the absence of any showing to the contrary.''

Under the foregoing authorities we are constrained to hold that the ruling of the learned circuit judge was correct, and accordingly the judgment is affirmed. All concur.