[No. 29195. Department One. December 20, 1943.]

STANLEY A. ROTH, *Respondent,* v. A. S. NASH et al., *Appellants.*[1]

[1]Reported in 144 P. (2d) 271.

732

*Harry H. Johnston,* for appellants.

*A. L. Garnes* and *J. Peter P. Healy,* for respondent.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Altha P. Curry,* amici curiae.

STEINERT, J.—The plaintiff herein formerly obtained, in this action, a money judgment against the defendants by default. Thereafter, in the same action, the defendants filed a petition, supported by affidavits, seeking to have the default judgment set aside. Plaintiff filed controverting affidavits, and upon the issues thus presented a trial was held before the court aided by a jury which had been called for the sole purpose of determining a factual issue tendered by the petition. In response to certain interrogatories, the jury returned answers favorable to the defendants on the question of fact. The court, however, declined to accept the answers as determinative of the factual issue and, instead, made and filed a written decision denying defendants' petition for vacation of the judgment. From that decision, defendants appealed.

The history of the proceedings with reference to the original action and judgment and the subsequent petition to vacate that judgment is as follows:

On October 17, 1934, appellants herein, A. S. Nash and his wife, Irene P. Nash, executed and delivered to respondent, Stanley A. Roth, their two promissory notes, one in the sum of two hundred dollars payable July 25, 1935, and the other in the sum of five hundred dollars payable November 30, 1935. Neither of the notes having been paid, respondent on October 28, 1938, verified a complaint seeking recovery of the amount then due and owing on appellants' two written promises. The complaint was prepared and signed by J. Peter P. Healy and A. L. Garnes as attorneys for the respondent, and was sworn to by respondent before Mr. Healy as notary public. However, the complaint, with summons attached, was not filed in the office of the county clerk until April 22, 1943, which was four years and five months after the date of verification of the pleading.

Simultaneously with the filing of the summons and complaint, an affidavit of service thereof was also filed in the clerk's office. The affidavit had been made and signed on April 17, 1943, by A. L. Garnes, one of the designated attorneys for respondent, alleging that the affiant Garnes had served a copy of the summons and complaint upon each of the appellants, in Pierce county, on November 15, 1938.

At that stage of the proceedings in the case and upon that state of the record, the court on April 22, 1943, entered an order of default against appellants and, at the same time, upon the evidence then submitted by the respondent, made findings of fact and entered judgment for respondent for the full amount prayed for in the complaint. Notice of entry of the judgment was served upon the appellants on May 5, 1943.

On the day following receipt of that notice, appellants filed in the action their petition to have the judgment set aside. The petition alleged fraud in obtaining the judgment, in that no summons nor complaint had ever been served upon appellants. An amended petition, filed shortly thereafter, renewed the allegation of lack of service and, in addition, alleged that the purported service by Garnes was void for the reason that he was one of the attorneys

for the respondent, was interested in the event of the action, and therefore was incompetent to serve the summons and complaint therein.

Respondent demurred to the amended petition and also filed controverting affidavits. Appellants then gave notice that they would request the court to assign the cause for trial before a jury. Upon a hearing of the preliminary motions, and after extended argument by counsel, the trial court ruled that respondent's attorney was, in law, competent to serve the summons and complaint. The court further ruled, however, and by order directed, that upon the court's own motion a jury be called in an advisory capacity to assist the court in determining the question of fact as to whether summons and complaint had actually been delivered to the appellants, as averred in the affidavit of service.

Upon a trial subsequently held, the court submitted to the jury two interrogatories upon the question of whether or not such delivery had been made. The jury answered both interrogatories in the negative. The court, however, declined to follow the special verdict of the jury and, instead, found and concluded that summons and complaint had been served as alleged in the affidavit of service made by Mr. Garnes. Upon that conclusion, the court denied appellants' petition to vacate the judgment.

The first question presented by the argument upon the appeal is whether an attorney for the plaintiff in an action may lawfully serve summons and complaint therein.

The statute relating to the subject is Rem. Rev. Stat., § 225 [P. C. § 8437], which provides:

"In all cases, except when service is made by publication, as hereinafter provided, the summons shall be served by the sheriff of the county wherein the service is made or by his deputy, *or by any person over twenty-one years of age, who is competent to be a witness in the action, other than the plaintiff.*" (Italics ours.)

The wording of the statute is categorical, unequivocal, and free from ambiguity. In scope, it embraces "all cases" except where service is made by publication. By definite

expression it not only specifies the persons, or class of persons, who shall serve the summons, but also with equal certainty indicates who shall not. It confers the particular official authority upon *any* person over twenty-one years of age, who is competent to be a witness in the action, and withholds such authority from only the plaintiff in such action. No distinction is made between the authority conferred upon the sheriff and that conferred upon other persons having the required qualifications. The statute is plain, certain, and unambiguous. A bare reading of its terms leaves no doubt as to its meaning. Consequently there is no room for interpretation.

Appellants contend that the expression "other than the plaintiff" was intended to include all persons interested in the outcome of the lawsuit, and to make competent for service of summons those persons only who from their situation would be indifferent to the result of the litigation. The effect of such contention, if upheld, would be to lay the foundation for the injection of ambiguities where none existed before, and to rob the word "plaintiff" of its definite, well-understood meaning, by ascribing to it a significance of indefinite and confusing import.

Our statute is unique in that it uses the phrase "other than the plaintiff," whereas the statutes of other states in general employ the broader, and less specific, term "not a party to the action." We have no case from this state dealing with the particular question involved here, and cases from other jurisdictions affording any light thereon are not only few in number but also are founded upon statutes having a terminology broader than that of our statute.

A few of the cases hold that service of a summons by the plaintiff's attorney is invalid, either because the attorney is incompetent in that respect under the common law, or else because he must be considered as a "party to the action." *Nelson v. Chittenden*, 53 Colo. 30, 123 Pac. 656, Ann. Cas. 1914A, 1198; *Nevada Cornell Silver Mines v. Hankins*, 51 Nev. 420, 279 Pac. 27. Other cases, seemingly the greater in number, hold that a statute which forbids the serving

of summons by a party to an action does not inhibit service by an attorney for the plaintiff, for the reason that the word "party," as used in such statute, is employed in its technical sense, and a person not strictly a party to the record is therefore competent to serve the summons. *Sheehan v. All Persons*, 80 Cal. App. 393, 252 Pac. 337; *First Nat. Bank of Whitewater v. Estenson*, 68 Minn. 28, 70 N. W. 775; *Miehl v. South Central Securities* Co., 227 Mo. App. 788, 58 S. W. (2d) 1011. Accord: *Plano Mfg. Co. v. Murphy*, 16 S. D. 380, 92 N. W. 1072, 102 Am. St. 692. See, also, 42 Am. Jur. 26, Process, § 25; 21 C. J. 473, Process, § 67.

The Minnesota case, *First Nat. Bank of Whitewater v. Estenson, supra,* appears to be the leading case on the subject, and is referred to in most of the subsequent decisions, either by approval or by disapproval thereof. The opinion in that case is terse, lucid, and cogent in its reasoning. We take the liberty of quoting it in its entirety:

"The summons in this case was served by the plaintiff's attorney, who subscribed it as such. The defendant made a motion to set the service aside for the reason that the attorney was disqualified from serving the summons, and he appeals from an order denying his motion.

"This appeal presents the sole question whether a summons may be served by the plaintiff's attorney who issues it. We answer the question in the affirmative.

"A summons is not a process, but merely a notice given by the plaintiff's attorney to the defendant that proceedings have been instituted, and that judgment therein will be taken against him if he fails to answer. *Hanna v. Russell,* 12 Minn. 43, (80). Such being its character, the common-law rules as to the service of writs and other judicial process have no application to the service of a summons, and it may be served like any other notice by any private person unless prohibited by statute. The only statutory prohibition is G. S. 1894, § 5197, which, so far as here material, is in these words:

" 'The summons may be served by the sheriff of the county where the defendant is found, or by any other person not a party to the action.'

"The contention of the appellant is that this statutory prohibition by necessary implication includes the agent and attorney of the party, because a party cannot do by another

what he himself is prohibited from doing. This is plausible, but, carried to its legal conclusion, it would extend the statute, by a construction manifestly in violation of its letter and spirit, so as to prohibit the service of a summons by any other person than the sheriff. Such would be the result of the construction contended for, because, if the plaintiff contracts with or procures a private person to serve his summons, such person is necessarily his agent or attorney, and acts for him, and not as an officer of the court or of the law. The legislature, for manifest reasons of public policy, by this statute prohibited a party to an action from serving his summons; but such reasons do not apply to the same extent to his attorney, who is an officer of the court, and answerable to it for fraud or misconduct in the premises, and the legislature has not seen fit to extend the prohibition to the attorney. This statute has been in force in this state from territorial days, and in practice, so far as we are advised, has never been construed as forbidding the service of a summons by the plaintiff's attorney. Indeed, this seems to be the first case in which the question was ever raised in this or any other state having a similar statute. Both the language of the statute and public policy forbid that we should now repudiate this practical construction, and hold that the attorney of record of a party cannot serve his summons.

"Order affirmed."

Every reason assigned by the Minnesota court for its holding might well be assigned for a similar decision herein. Beyond that, however, our statute is even more explicit and definitive as to who may and who may not serve the summons in an action. By its express terms, only the plaintiff in an action is forbidden to make service.

We shall not endeavor to discriminate the two cases on which appellants rely, other than to say that in the *Nevada Cornell Mines* case, *supra,* which presents a situation more nearly comparable to the one here than does the Colorado case, the opinion was signed by only two judges, while the third, the chief justice, entered a vigorous dissent, following the line of reasoning advanced by the Minnesota court in the case from which we have quoted above.

Upon appellant's first contention, we hold that service

of summons and complaint in an action may lawfully be made by the attorney for the plaintiff therein.

Appellants next contend that the proceeding to vacate the judgment was purely legal, not equitable, and that therefore the trial court had no right to set aside the special verdict of the jury. We have already shown the circumstances under which the jury was called by the court. The order of the court expressly provided that the jury would be called on the court's own motion, to serve in an advisory capacity, to assist the court in determining the question of fact.

. Appellants state in their brief that by their petition they initiated a proceeding under the provisions of Rem. Rev. Stat., § 464 [P. C. § 8130]. However, Rule XIII, Rules of Pleading, Procedure, and Practice, 193 Wash. 49-a, provides, in part, as follows:

"In all cases in which it is provided by Rem. Rev. Stat., §§ 303, 464-473 [P. C. §§ 8336, 8130-8139], that the court may modify, vacate, or relieve a party from any order, judgment, decree, or other proceedings taken against him, *application shall be made* . . . *by motion* filed in the cause stating the grounds upon which relief is asked, and supported by the affidavit of the applicant or his attorney setting forth a concise statement of the facts or errors upon which the *motion* is based, and if the *moving* party be a defendant, the facts constituting a defense to the action or proceeding. . . ." (Italics ours.)

For the purposes of this case, we shall consider the petition as having the effect of a motion made under the rule.

■ Although a proceeding to open, modify, or vacate a judgment is not, strictly speaking, in itself a suit in equity, nevertheless, whether the relief be given upon motion or petition, it is equitable in its character, administered upon equitable principles, and extended upon equitable terms. 31 Am. Jur. 268, Judgments, § 719; 34 C. J. 323, 371 Judgments, §§ 542, 581. This court has adopted that view. *Tacoma Lbr. & Mfg. Co. v. Wolff,* 7 Wash. 478, 35 Pac. 115, 755; *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158; accord: *Golson v. Carscallen,* 155 Wash. 176, 283 Pac. 681.

A motion to vacate a default judgment is addressed to the discretion of the court, and the exercise of that discretion will not be disturbed unless abuse thereof is clearly shown. *Agricultural & Livestock Credit Corp. v. McKenzie,* 157 Wash. 597, 289 Pac. 527; 31 Am. Jur. 267, Judgments, § 717; 34 C. J. 364, Judgments, § 580.

The court must act, however, upon a sound legal and impartial discretion, not arbitrarily, capriciously, or without regard to fixed legal principles, and, in particular cases, the circumstances may be such as to leave no room for the exercise of discretion.

The point we here emphasize is that, while the facts and circumstances in a particular case may induce, or even compel, the court to grant or to deny such motion or petition, the authority so to act is judicial, and the proceedings to invoke such action are equitable in nature.

In consonance with equity procedure, the court may elect to have questions of fact, where the evidence is contradictory, submitted to a jury for decision. However, in such cases, the verdict of the jury is not conclusive upon the court, but only advisory. The court may adopt the findings of the jury, wholly or in part, or it may, in its sound discretion, disregard the findings and decide the matter contrary to the special verdict. In the situation presented by the case at bar, the verdict of the jury on the factual question was not binding upon the court.

Appellants' final contention is that, in any event, the action of the court in disregarding the verdict of the jury was arbitrary and constituted an abuse of discretion.

The testimony with reference to the service of the summons and complaint was in direct conflict. Mr. Garnes and Mr. Healy both testified that on November 15, 1938, they drove to appellants' residence, and, after some discussion with Mr. Nash in the front yard, Mr. Garnes delivered to him a copy of the summons and complaint; and that immediately thereafter Mr. Garnes went to the front door of the house, where he delivered another copy to Mrs. Nash. On the other hand, both appellants emphatically denied that

copies of the summons and complaint were delivered to either of them on that, or any other, occasion. They both admitted, however, that Mr. Garnes and Mr. Healy did come to their place of residence as the latter had testified. Mr. Nash also admitted that Mr. Garnes then and there discussed with him the matter of his indebtedness to respondent. He also admitted that the five hundred dollar note had never been paid, but he could not recall anything about the smaller note of two hundred dollars. The trial judge, after hearing all the testimony, stated that he did not believe the appellants. The issue of fact and the evidence pertaining thereto were such as to put the trial court to the necessity of believing one set of witnesses in preference to the other. The evidence was certainly sufficient to support the court's conclusion, and we are in no position to say, from the record before us, that the court erred in that respect.

The order denying the petition to vacate the judgment is affirmed.

SIMPSON, C. J., BEALS, JEFFERS, and GRADY, JJ., concur.