**R. M. BRAMLETT et al., Petitioners,**

**v.**

**The DISTRICT COURT OF MARSHALL COUNTY, Oklahoma, and the Honorable G. Dixie Colbert, District Judge, Respondents.**

**No. 49596.**

Supreme Court of Oklahoma.

July 20, 1976.

Rehearing Denied Sept. 14, 1976.

*ORIGINAL JURISDICTION AS-SUMED; AND WRIT OF PROHIBI-TION ISSUED.*

George & Austin by Woodrow George, Ardmore, for petitioners.

Little, Little, Little & Windel by Dan Little, Madill, for respondents.

IRWIN, Justice:

R. M. Bramlett, Richard Randal Bramlett and Ronald J. Davidson (petitioners), filed with this Court an Application to Assume Original Jurisdiction and a Petition for Writ of Prohibition to prohibit the Honorable G. Dixie Colbert, District Judge (respondent), from proceeding further with two civil actions filed by Frances and LeeVoy (Buddy) Page (plaintiffs). The requested Writ is sought for the reason that summons was served on one of the petitioners by plaintiffs' attorney of record and that plaintiffs' attorney is precluded from serving process in an action in which he represents a party.

Two actions were commenced in the District Court of Marshall County by the plaintiffs against the petitioners for personal injuries sustained in an automobile accident. Summons issued in both actions from Marshall County. Prior to issuance of summons, counsel for plaintiffs, Dan Little, sought and obtained from an associate district judge an order authorizing Little to act as a special process server. Little served one of the petitioners, Davidson, in Marshall County, but failed to serve the Bramletts. Alias summons were served on the Bramletts in Carter County by the Carter County Sheriff's office.

Petitioners filed separate special appearances, challenges to the jurisdiction of the court, the venue of the actions and moved to quash service of summons on them. Petitioners argue that under the terms of 12 O.S.1971, § 139, Oklahoma's general venue statute, and 12 O.S.1971, § 141, which relates to venue in claims arising from the operation of a motor vehicle, venue properly lies at the option of the plaintiffs in the county in which the accident occurred or in any other county where a defendant resides or where service can be obtained. All of the petitioners are residents of Carter County, and the accident occurred in Carter County. Petitioners contend that the only grounds for venue in Marshall County was the service of summons on Davidson by Little in Marshall County. Therefore, if service on Davidson was improper, the court's jurisdiction failed for want of proper venue.

Petitioners assert no legal deficiency or impropriety in the form or content of the

summons to Davidson. Their sole grounds for obviating the service is the fact that the summons was served by plaintiffs' attorney. Likewise, there is no contention that Attorney Little acted in any way improperly or unethically in securing service. At issue are the provisions of 12 O.S.1971, § 158, providing in part that a summons, ". . . may also be served by any responsible citizen of the county not a party to or interested in the action, . . ." Attorney Little stipulated that he was retained to prosecute plaintiffs' claims. Petitioners argued that Little is "interested" in the action. Respondent Judge overruled petitioners' motions on the grounds that he was of the opinion that had the Legislature intended to preclude attorneys from acting as special process servers it merely had to add the word "attorneys" to the statute.

No one disputes that an attorney not "interested" in the action can serve summons. The issue is whether an attorney who is retained to prosecute an action is a person "interested" in the action. The question is one of first impression in this jurisdiction. Of the jurisdictions which have considered the problem, none have construed a statute such as Oklahoma's which expressly prohibits service by one "interested" in the litigation.

Respondent cites *First National Bank of Whitewater v. Estenson,* 68 Minn. 28, 70 N.W. 775 (1897); *Gibbons v. Belt, Iowa,* 239 Iowa 961, 33 N.W.2d 374 (1948); and *Miehl v. South Central Securities Company,* 227 Mo.App. 788, 58 S.W.2d 1011 (1933), and other cases of similar import, for the proposition that an attorney representing a party can serve process. In each case the respective court was asked to construe a statute which narrowed the class of persons prohibited from serving process to persons who are a "party".

Petitioners rely on several cases which have held, even in the face of statutes far less restrictive than Oklahoma's, that as a matter of public policy attorneys should not be permitted to serve summons in a case in which they are representing a par-

ty. *Nevada Cornell Silver Mines v. Hankins,* 51 Nev. 420, 279 P. 27 (1929); *Rutherford v. Moody,* 59 Ark. 328, 27 S.W. 230 (1894). While the cases cited are in no way controlling in that they are bottomed on common law principles rather than a construction of statutory law, they do serve to illuminate factors why one "interested" in an action should not be allowed to serve process in that action.

The Nevada Supreme Court in its *Nevada Cornell Silver Mines'* decision, supra, analyzed the reasons why a party is not permitted to serve process in the following terms:

" ' * * * In all legal proceedings, and at every stage of a cause, courts scrupulously guard against entrusting the execution of its mandates, to persons having an interest in the cause. The law for wise purposes, acts alone through disinterested agents. It will not tempt those having an interest in any way to abuse its process, for the purpose of promoting selfish ends.'

\* \* \* \* \* \*

"If such a practice were sanctioned [service of process by a party] there would be great danger of abuse and inducement to the person making the service to make a false return, and thereby put himself in a position to obtain judgment by default or some other undue advantage over the opposite party, * * *.'"

The Nevada Court concluded that the very policies which make it unwise to place responsibility for service of process in the hands of a party or person interested in the litigation applied with equal force to that party's attorney. While we specifically note that in the instant case there is absolutely no indication or suggestion of impropriety or unethical conduct on the part of plaintiffs' attorney, it is the policy of the law to avoid circumstances which create the potential for abuse even though no evidence of abuse might be presented.

By the express inclusion of language directing that no person "interested"

in an action should serve process the Legislature intended to preclude anyone whose fortunes, professional reputation or personal well being would be materially affected by the outcome of the action. An attorney retained to represent a party is "interested" in the action and is precluded from serving process in an action in which he represents a party.

Original Jurisdiction Assumed; Writ of Prohibition Issued; and the respondent judge is prohibited from further proceeding in Case No. C–75–77 and Case No. C–75–78, in the District Court of Marshall County, Oklahoma, except to dismiss the actions.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., concurs in results.