**WHITE STAG MANUFACTURING COM-
PANY, a corporation, Appellee,**

v.

**Ted R. MACE, a sole trader, d/b/a Ted R.
Mace & Associates, Appellant.**

No. 48345.

Supreme Court of Oklahoma.

Oct. 5, 1976.

Rehearing Denied Dec. 8, 1976.

Ungerman, Grabel & Ungerman, Tulsa,
for appellee.

McElroy, Naylor & Williams by Bert C.
McElroy, Tulsa, for appellant.

HODGES, Vice Chief Justice.

The question presented for our
determination is whether service of sum-
mons by an employee of an attorney or a
law firm representing a party in litigation
is prohibited because he is a party interest-
ed in the action within the purview of 12

O.S.1971 § 158.[1] Appellant seeks to have a default judgment vacated because service of process was made by a special officer who was an employee of the law firm representing the plaintiff in the action. It was undisputed that the special officer was a salaried employee of the law firm, and that in addition to his regular duties, he was paid $8.00 for each summons he was given to serve. Appellee argues the money received by the employee for service of process is in no way connected with the duties he performs for his employer on salary. We do not find this argument persuasive. The fact that the special service officer in the instant case was an employee is material to the interpretation of the statute. The employer's intention to retain the right of exercising control over a person performing work for him creating the relationship of master and servant between the parties will be inferred where it appears the employment was general and not based on a contract to do a certain piece of work on certain specified terms in a particular manner for a stipulated sum. The test is not whether the employer did in fact control and direct the special officer in his work of serving process, but whether under the contract of employment, taking into account the circumstances of the parties and the work, the employer had the right to direct and control him in the performance of his work.[2]

This court recently determined in *Bramlett v. District Court of Marshall County*, 557 P.2d 424 (Okl.1976) that an attorney is interested in the action and is precluded from serving process in an action where he represents a party. Appellant contends there is no difference between an attorney or his employee serving process because they each are interested in the action because of the master-servant employee-employer relationship. We agree. In *Bramlett* we defined a person interested in the action as anyone whose "fortunes, professional reputation or personal well-being would be materially affected by the outcome of the action."

We therefore grant certiorari and the judgment of the trial court and decision of the Court of Appeals is reversed. However, the opinion herein is rendered prospectively and will have no application to any other causes of action now pending or to any judgments or decisions heretobefore decided.

REVERSED.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER and DOOLIN, JJ., concur.

IRWIN, BARNES and SIMMS, JJ., dissent.

---

1. Title 12 O.S.1971 § 158 provides in pertinent part:

    "The summons shall be served by the officer to whom it is directed, who shall endorse on the original writ the time and manner of service. It may also be served by any responsible citizen of the county not a party to or interested in the action, appointed by the officer to whom the summons is directed or by the court in which the action is brought. The authority of such persons shall be endorsed on the writ, and the return of service made by any person so appointed, or of any service made out of the State, shall be verified by oath or affirmation of the person making the service; . . ."
    See also subsequent enactment, 12 O.S.1976 Supp. §§ 158.1, 158.2, not applicable here.

2. *Chicago, R.I. & P. Ry. v. Bennett*, 36 Okl. 358, 128 P. 705, 707, 20 A.L.R. 678 (1912).