The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following two questions: 1. Whether it is proper for a Deputy Court Clerk to be appointed by a judge as a Special Deputy for the purpose of serving subpoenas and/or summons; to actually serve same, making a return thereon and filing the return back in the same office where said person is employed ? 2. Whether it is proper for a Deputy Court Clerk to post legal notices pertaining to probate matters and to receive a separate fee for said service from the attorney handling the probate ? In response to your first question, generally a person not otherwise authorized by statute cannot serve process unless he has been specially deputized and appointed for that purpose. 72 C.F.S. 29, Process, P. 1030; Channel v. Jones, 184 Okl. 644, 89 P.2d 769; Wilson v. McCornack, 10 Okl. 180, 61 P. 1068. Further, it is generally recognized that a court has the inherent power to appoint a special officer to execute its process. 72 C.JS. 29 (b), Process, P. 1031. Title 22 O.S. 158 [22-158] provides as follows: "22 O.S. 158 [22-158]. Who may serve summons — Endorsement — Return of service — Verification. — The summons shall be served by the officer to whom it is directed, who shall endorse on the original writ the time and manner of service. It may also be served by any responsible citizen of the county not a party to or interested in the action, appointed by the officer to whom the summons is directed or by the court in which the action is brought. The authority of such persons shall be endorsed on the writ, and the return of service made by any person so appointed, or of any service made out of the State, shall be verified by oath or affirmation of the person making the service; provided, that in any action or proceeding pending in any county in which the Sheriff of such county shall be party defendant, service of summons upon such Sheriff and all other parties to the action shall be made by the County Clerk of such county to whom summons for service upon said Sheriff and all other parties to the action shall be delivered for service by the Court Clerk, and such County Clerk shall make due return thereof in the manner now provided by the law for the return of service of summons in other cases." Title 12 O S. 386 further provides: "12 O.S. 386 [12-386]. Issue and service of subpoena. — The clerks of the several courts shall, on application of any person having a cause or any matter pending in the court, issue a subpoena for a witness, under the seal of the court, inserting all the names required by the application in one subpoena, which may be served by the sheriff, or any constable of the county, or by the party, or any other person in the manner provided in Section 5054. When a subpoena is not served by the sheriff, or constable, proof of service shall be shown by affidavit; but no costs of service of the same shall be allowed, except when served by an officer. And, Title 12 O.S. 52 [12-52] also provides: "12 O.S. 52 [12-52]. Appointment of substitute for sheriff. The Court or judge, or any clerk in the absence of the judge from the county, for good cause, may appoint a person to serve a particular process or order, who shall have the same power to execute it which the sheriff has. The person may be appointed on the application of the party obtaining the process or order, and the return must be verified by affidavit. He shall be entitled to the same fees allowed to the sheriff for similar services." It is clear from a reading of the foregoing statutory citations that unless a party or an interested party to the action, a Deputy Court Clerk, duly appointed by the court, is otherwise qualified to serve subpoenas and/or summons. Simply because he is also responsible for making a return and filing the order of process in the Court Clerk's office by virtue of his position as Deputy Court Clerk does not give rise to a conflict of interest prohibited by the laws of the State of Oklahoma. Bramlett v. District Court of Marshall County, Okl. 557 P.2d 424 (1976); White Stag Manufacturing Company v. Mace, Okl. 556 P.2d 997 (1976). In response to your second question, Title 28 O.S. 1 [28-1] provides: "The officers and persons herein mentioned shall be entitled to receive for their services only the fees herein allowed, and no other, except as may be otherwise required by law." It has long been the recognized principle of law in the State of Oklahoma that the compensation of a county official, by way of salary or fee, is ordinarily such as may be expressly stipulated by statute, and, in the absence of statutory provision, said official may be obligated to perform the duties of his office, or part of them, without compensation. 14 C.J.S., Clerks of Courts, 9 P. 1224; Morrow v. Board of Commissioners of McIntosh County, 31 Okl. 636, 122 P. 168 (1912). Title 58 O.S. 718.1 [58-718.1] requires Court Clerks to record certain pleadings and paper in probate matters, including proofs of publication or mailing or posting. In addition, under 28 O.S. 121 [28-121], 28 O.S. 152 [28-152] and 28 O.S. 152.1 [28-152.1] [28-152.1](b), the Court Clerk is authorized to collect and deposit in the court fund certain fees in connection with the posting of such notices. It is, therefore, clear that a Deputy Court Clerk is statutorily required to record legal notices in probate proceedings and further required to collect a mandatory fee to be deposited in the court fund for the performance of that service. It is further clear that should a Deputy Court Clerk perform a service such as physically posting legal notices at a specified place incidental to the recording of such notices, then any compensation received from the attorney handling the probate should be paid directly to the Court Clerk to be disbursed in accordance with statutory authorization for reimbursement. Any compensation or collection of funds by a Deputy Court Clerk in access of those fees statutorily enumerated would clearly be improper and unlawful. Further, any public official who accepts money either directly or indirectly by virtue of his position which is not authorized by law is subject to criminal prosecution under 21 O.S. 341 [21-341]. Conviction could result in a fine not to exceed five hundred dollars and a term of imprisonment not less than one and no more than twenty years in the penitentiary. In summation, it is the opinion of the Attorney General that under the provisions of 22 O.S. 158 [22-158], 12 O.S. 52 [12-52] and 12 O.S. 386 [12-386], a Deputy Court Clerk, unless a party or an interested party to the action, may be appointed by the court as a Special Deputy for the purpose of serving subpoenas and/or summons and thereafter serve the same; make a return thereon and file the process of record as provided by law in the office of his employment. In addition, it is the opinion of the Attorney General that pursuant to 28 O.S. 1 [28-1] a Deputy Court Clerk may not receive a separate fee for posting legal notices pertaining to probate matters from the attorney handling the probate except those fees statutorily provided by law. (JANET L. COX) (ksg)